Allen, J.
The first clause of the act concerning constables and their securities, passed March the 8lh 1826, provides, that “ if any constable shall receive from any debtor the amount of any debt or claim, which may have been entrusted to or placed under the control of such constable to warrant for, and which might have been recovered by warrant, every such constable and his securities shall be liable to the creditor or plaintiff for the amount so collected, in the same manner as he or they would be for money collected by him under execution.” This clause ascertains the liability of the officer and his sureties. They are made responsible for money collected on claims placed in the hands of the constable to collect in that character, whether the money was received under execution or not. The law is'silent as to the evidence whereby the facts are to be proved, upon which the liability of the officer and his sureties depends. They may be proved as well by oral as written evidence. If a claim of the kind designated is placed in the officer’s hands to collect as officer, though no receipt be taken, and he actually receives the money, the officer and his sureties are responsible.
But constables are frequently entrusted with the collection of many small claims; and the creditor would be subjected to much inconvenience, if required in every case to produce the evidence of the payment of each claim to the officer. To obviate this difficulty, the next clause of the act provided, that “ in any proceeding against a constable for failing to pay money thus received, his receipt for the debt or claim, signed in his official character, shall be admitted by the court as prima facie evidence of the receipt of the money; provided six months shall have elapsed between its date and the commencement of the proceeding.”
*232 The suit in this case is against the constable and his sureties. This last clause of the act speaks of a proceeding against the constable alone; and a question might arise whether the receipt described should have effect 0f prima facie evidence against the sureties. The first clause makes both principal and sureties liable for money received by the principal. In whatever mode that fact is established, the sureties are responsible. The second clause was merely intended to furnish a convenient mode of proving the fact. As the constable and his sureties may be joined in the suit, it could not have been the intention of the legislature, that proof which, uncontradicted, would be conclusive against the constable to establish the receipt of the money, should not be evidence against the sureties, whose liability is a mere consequence of the establishment of that fact as against their principal. The proceeding, too, is for money thus collected; referring to the previous clause which made the sureties liable; and thereby shewing that a proceeding to recover from them, as well as the constable, money for which they had been so rendered responsible, was the proceeding contemplated.
But both clauses of the act keep in view the official character of the constable ; with the object, no doubt, of protecting the sureties from liability for claims collected by the constable, not officially, but as the mere agent of his employer. The claims must be placed in his hands as constable, to be collected in that character by warrant, and must be such as could be recovered by warrant. And the receipt, if one is taken, to acquire the dignity of prima facie evidence of the receipt of the money, must be signed by him in his official character. Though not so signed, it would be admissible evidence to shew the delivery of the claims, but would not of itself be frima facie evidence of the character in which the claims were received, or of the col *233 lection of the money by the constable after six months, The creditor would be compelled to adduce other evidence of these facts. To guard the sureties against fraud or collusion, the receipt should shew on its face that it was executed at the time by the constable in his official character; and therefore, to entitle it to be received as prima facie evidence of the receipt of the money, the law' requires it to be signed by the officer in his official character.
In the case under consideration, there is nothing on the face of the receipts to shew that they were signed by the constable in that character. The plaintiff proved by witnesses, that the claims were placed in the hands of the constable to warrant for, and were received by him in the character of constable. Upon this evidence, the court properly instructed the jury that the receipts were admissible, and that, to entitle the plaintiff to the benefit of them as prima facie evidence under the act aforesaid, the jury must be satisfied that they were signed by the constable in his official character. The court however added, that it was competent to deduce the character in which he signed the receipts, from the purport of the receipts and the intrinsic evidence of the transaction, taken together with the whole testimony. The receipts, on their face, purport merely to be receipts from one man to another for certain debts to be collected. They do not purport to be executed by the party as constable. The fact that he was constable being proved by other evidence, we may conjecture that he received these claims in that character. But in the absence of such proof of his official character, the receipts themselves furnish no intrinsic evidence of the character in which they were signed. The instruction therefore, though somewhat obscure, can mean only that the character in which he signed need not appear on the face of the receipts, but may be established by proof aliunde. This would be substi *234 tuting the recollection of witnesses for the official signing required by the statute. In this, I think, the court erred. The character in which the receipts were signed should appear in some way on the face of the paper jtseXf} and the defect could not be supplied by oral testimony, so as to make the receipts prima facie evidence under the law7.
I think the judgment should be reversed, the verdict set aside, and the cause remanded for á new trial of the issue, upon w’hich such instruction is not to be repeated.
Baldwin, J. concurred.
Stanard, J.
said, he deemed it unnecessary to express an opinion upon the question w’hether the receipt of the constable for the debts, signed in his official character, is, under the act of March 8. 1826, prima facie evidence as well against the sureties as against the constable, of the receipt of the money. He concurred in the judgment of this court.
Judgment of circuit court reversed with costs, verdict set aside, and cause remanded for a new trial, on which the instruction given at the former trial is not to be repeated.